UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 17-cr-00073-JD-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE SPEEDY TRIAL ACT, 18 U.S.C. § 3161** |
| MATSUO ELECTRIC COMPANY LIMITED, | |
| Defendant. | |

At the change of plea hearing on October 25, 2017, the United States acknowledged that the 70-day clock for bringing a criminal defendant to trial as mandated by the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), had lapsed for Matsuo Electric Company Limited. Defense counsel responded by suggesting that Matsuo would waive its rights under the Speedy Trial Act, and proposing to exclude the time between May 24, 2017, and October 25, 2017, on the ground that Matsuo had been engaged in good faith plea negotiations with the government.

Plea negotiation between the parties is not expressly listed as a basis for excluding time, *see* 18 U.S.C. § 3161(h)(1), or as a factor for the Court to consider in granting an excludable continuance under 18 U.S.C. § 3161(h)(7)(A). And even if that was a cognizable ground, the Act does not allow for retroactive cures. *See*, *e.g.*, *United States v. Suarez-Perez*, 484 F.3d 537, 541 (8th Cir. 2007) ("The Speedy Trial Act does not provide for retroactive continuances."); *United States v. Janik*, 723 F.2d 537, 545 (7th Cir. 1983) (same); *United States v. Carey*, 746 F.2d 228, 230 (4th Cir. 1984) (noting "the invalidity of nunc pro tunc continuances after expiration of the time prescribed by the Act for the commencement of the trial").

It may be that, despite the time lapse, the defendant is perfectly comfortable forgoing any objections under the Speedy Trial Act. But it is not clear to the Court that this is the case, or if

that is even legally possible.  Consequently, the status of this prosecution is in limbo under the Speedy Trial Act.  The Court is unwilling to expend any more judicial resources on this case until this issue has been sorted out.  The referral to the probation office for the preparation of a pre-sentence report is suspended, and the probation office should not take any action pending further order of the Court.  Matsuo is ordered to advise the Court by **November 6, 2017**, in a brief not to exceed 10 pages, on what it considers to be an appropriate course of action, and to provide legal citations supporting its position.  The government may file a responsive brief of the same maximum length if it so desires no later than **November 13, 2017**.

**IT IS SO ORDERED.**

Dated:  October 27, 2017

JAMES DONATO
United States District Judge